IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WITRIOL,<br><br>    Plaintiff,<br><br>  v.<br><br>LEXISNEXIS GROUP *et al.*,<br><br>    Defendants. | No. C05-02392 MJJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

    Pending before the Court is Defendants LexisNexis Group, Reed Elsevier, Inc., and Seisint, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 37). Plaintiff Mark Witriol has filed an Opposition (Doc. #38), to which Defendants filed a Reply (Doc. #41). Also pending before the Court is Plaintiff's request for Judicial Notice (Doc. #39). For the following reasons, the Court **DENIES** Defendants' Motion to Dismiss and **DENIES AS MOOT** Plaintiff's Request for Judicial Notice.

**I.    BACKGROUND**

    Plaintiff filed this class action against Defendants on June 13, 2005, alleging that Defendant disclosed consumer reports and personal information about Plaintiff and the proposed Class Members without their consent or authorization to third parties who lacked any permissible purpose for receiving and using such information. (Sec. Am. Cmplt. at ¶26.) On July 25, 2005, Defendants moved to dismiss Plaintiff's Complaint. In response, Plaintiff filed an Amended Complaint, asserting seven claims against Defendants, including one for violation of California Information Practices Act, California Civil Code § 1798.53 (count six). Defendants again moved to dismiss the Plaintiff's Amended Complaint in its

entirety. On February 10, 2006, the Court granted in part and denied in part Defendants' Motion to Dismiss. Particularly, the Court dismissed Plaintiff's claim under § 1798.53, on the ground that Plaintiff had failed to allege necessary elements of the claim, but granted Plaintiff leave to amend to attempt to cure such deficiencies. On February 24, 2006, Plaintiff filed his Second Amended Complaint (Doc. #35). Defendants now move to dismiss the § 1798.53 claim, arguing that Plaintiff has failed to plead a viable claim under this statute.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## III.   ANALYSIS

A.   Motion to Dismiss Plaintiff's § 1798.53 Claim

California Civil Code § 1798 provides:

> Any person, other than an employee of the state or of a local government agency acting solely in his or her official capacity, who intentionally discloses information, not otherwise public, which they know or should reasonably know was obtained from personal information maintained by a state agency or from "records" within a "system of records" (as these terms are defined in the Federal Privacy Act of 1974 (P.L. 93-79; 5 U.S.C. 552a)) maintained by a federal governmental agency, shall be subject to a civil action, for invasion of privacy, by the individual to whom the information pertains.

In Count Six of his Second Amended Complaint, Plaintiff re-asserts that, in disclosing certain information to third parties without his consent, Defendants violated § 1798. 53.  Specifically, Plaintiff alleges:

> 59.  [] Defendants violated Representative Plaintiff's and the California Class Members' privacy rights and Civil Code § 1798.53 by intentionally selling, disclosing and distributing their privileged financial, credit, and other confidential information, which Defendant knew or reasonably should have known was obtained from personal information maintained by state and/or federal agencies, to unauthorized third parties. Defendants intentionally disclosed Plaintiff's and the California Class Members personal information without their knowledge or consent. The unauthorized sale, disclosure and distribution of such private data and information is offensive and objectionable to a reasonable person of ordinary sensibilities.
>
> 60.  As a result of Defendants' unlawful conduct, the privacy rights of the Representative Plaintiff and the California Class Members have been violated, and Representative Plaintiff and California Class Members have ben injured and damaged as a result thereof.
>
> 61.  Defendants' unlawful conduct as alleged herein was intentional, oppressive and/or malicious, therefor Representative Plaintiff and California Class Members are entitled to the statutory damages set forth at Civil Code 1798.53, including exemplary damages, and all other appropriate relief set forth in the Prayer for Relief herein.

Defendants now urge the Court to dismiss Count Six of Plaintiff's Second Amended Complaint because: (1) Plaintiff failed to allege two necessary elements of § 1798.53; and (2) Plaintiff failed to allege any facts supporting the claim.  Plaintiff, however, maintains that he has corrected the pleading deficiencies that the Court identified in its prior Order and has thus pled an actionable claim under § 1798.53.

Defendants first contend that Plaintiff has failed to allege that the information at issue "was not otherwise public."  Rather, citing ¶59 of the Second Amended Complaint, Defendants argue that Plaintiff has merely alleged that the information was "privileged financial, credit and other confidential information."  According to Defendants "[t]his is not equivalent to an allegation that the information was 'not otherwise public.'"

Additionally, Defendants argue that Plaintiff has failed to allege that the information allegedly disclosed about him was obtained from "personal information maintained by a state agency" or "'records' within a 'system of records' [] maintained by a federal governmental agency."  Again citing citing ¶59, Defendants argue that Plaintiff "only alleges vaguely that the information was obtained from 'state *and/or* federal agencies."  According to Defendants, this allegation is sufficient to "establish" that

3

1 Plaintiff's information was obtained from a state agency or from federal agency records of the type
2 described in the Federal Privacy Act. Based on these purported pleading deficiencies, Defendants urge
3 the Court to dismiss Plaintiff's § 1798.53 claim. The Court, however, is unpersuaded by Defendants'
4 arguments.

5 As Defendants acknowledge, Plaintiff has pled that Defendants impermissibly disclosed
6 "*privileged* financial, credit and other *confidential* information." While Defendants argue that Plaintiff
7 did not expressly allege that such information was not otherwise publicly available, construing these
8 allegations in Plaintiff's favor, the Court finds Plaintiff's allegations that the information was both
9 confidential and privileged are sufficient to meet this element of his §1798.53 claim. *See Jennifer M.*
10 *v. Redwood Women's Health Ctr.*, 88 Cal. App. 4th 81, 89 (Cal. Ct. App. 2001) ("Section 1798.53 sets
11 out a civil action for damages for the intentional disclosure of *confidential* personal information[.]")
12 (emphasis added). In the same vein, although Defendants contend that Plaintiff failed to allege that the
13 information that Defendants' purportedly disclosed was obtained from information maintained by a state
14 agency or from records within a system of records maintained by a federal agency, Defendants note that
15 Plaintiff expressly alleged that the information "was obtained from personal information maintained by
16 state and/or federal agencies[.]" Defendants' contention that such an allegation is insufficient to
17 "establish" this element of Plaintiff's claim is misplaced. At the pleading stage, merely alleging the
18 necessary element of a claim is sufficient to satisfy Rule 8 of the Federal Rule of Civil Procedure.
19 Whether Plaintiff has sufficient evidentiary support to establish this necessary element of his claim is
20 a matter addressed at the summary judgment stage, not in the context of a Rule 12(b)(6) Motion.

21 In sum, the Court finds that Plaintiff has sufficiently pled that the information was not otherwise
22 available to the public and was obtained from information maintained by a state agency or from federal
23 agency records.

24 Defendants next argue that "the operative complaint utterly fails to allege any of the facts and
25 circumstances surrounding LexisNexis's alleged violation of section 1798.53." Specifically, Defendants
26 argue that Plaintiff has not specified what nonpublic information was disclosed; from what government
27 agency the information was obtained; and has not "explain[ed] any of the facts surrounding the alleged
28 'intentional' disclosure of that information to 'unauthorized persons.'" Rather, Defendants assert that

4

1 the Second Amended Complaint "simply restates the elements of a claim under section 1798.53 in a
2 conclusory fashion." Again, the Court find Defendants' challenge unpersuasive. Although Plaintiff's
3 Second Amended Complaint does not provide much detail about the exact nature of the information that
4 Defendants' purportedly disclosed, this is not a claim to which any heightened pleading standard is
5 applicable. As Defendants concede, Plaintiff has plead the requisite elements under § 1798.53 along
6 with some facts describing the conduct the Plaintiff claims constituted a violation of this section. This
7 is sufficient to put Defendants on notice of the nature of Plaintiff's claim, and therefore satisfies Rule
8 8's minimal pleading standard. The Court therefore rejects Defendants' challenge and finds that
9 Plaintiff has sufficiently pled a claim under California Civil Code §1798.53.

      B.     Plaintiff's Request for Judicial Notice

Because the Court finds the arguments raised in the parties' moving papers sufficient to resolve Defendants' Motion to Dismiss, the Court finds its unnecessary to look at any extraneous documents, and therefore **DENIES** Plaintiff's Request for Judicial Notice (Doc. #39) as moot.

**IV.   CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. #37), and **DENIES AS MOOT** Plaintiff's Request for Judicial Notice (Doc. #39). Further, the Court **VACATES** the hearing on Defendants' Motion set for May 2, 2006.

**IT IS SO ORDERED.**

Dated: April 26, 2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE